IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL R. BORNHEIM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-281-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The claimant Carl R. Bornheim requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on January 20, 1964, and was forty-five years old at the time of the administrative hearing (Tr. 27). He has a high school education, served in the U. S. Army from 1981 through 1993 and has past relevant work as a jailer, janitor, laborer, and welder (Tr. 20). The claimant alleges inability to work since February 28, 2008 because of pain in his back, left knees, and legs and high blood pressure (Tr. 110).

### Procedural History

The claimant applied the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Osly F. Deramus held an administrative hearing and determined the claimant was not disabled in a written opinion dated August 28, 2009. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the claimant had severe impairments (degenerative disc disease of the thoracic and lumbar spine) but retained the residual functional capacity ("RFC") to perform sedentary work, limited to occasional balancing, kneeling and climbing stairs, and no stooping, crouching,

crawling or climbing ladders (Tr. 18).  The ALJ concluded that although the claimant was not capable of performing any of his past relevant work, he was nevertheless not disabled because there was other work he could perform existing in significant numbers in the national economy, *i. e.*, appointment clerk and maintenance dispatcher (Tr. 20-21).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly consider the disability opinion of the Veteran's Administration, and, (ii) by failing to properly analyze his credibility.  The undersigned finds merit in the claimant's first contention.

The claimant received much of his treatment from the Veteran's Administration Medical Center in McAlester, Oklahoma.  The claimant's back pain originated from an accident where he apparently fell out of a helicopter while serving in the Army in 1990 (Tr. 192).  In 2005, the claimant reported progressive pain that worsened when standing or sitting (Tr. 192).  At that time, he was diagnosed with degenerative arthritis of the thoracic spine (Tr. 192).  On February 29, 2008, *i. e.*, the alleged onset date, the claimant reported that his back "popped when [he] was leaning forward to pick up [his] fishing pole" (Tr. 655).  At a physical therapy appointment in March 2008, the claimant reported experiencing a muscle spasm in his upper back as he got up from the couch, and one week later, he reported that his back was popping and felt "like a knife [was] stabbing [him]" (Tr. 653).

The claimant was examined by consultative physician Dr. Lois S. Beard, D.O. on April 27, 2008 (Tr. 717-24).  Dr. Beard noted that claimant reported a ruptured disc in the

lumbar spine, compared his back pain to a "hot poker" and stated that he experiences numbness and weakness in his legs (Tr. 717).  At that time, claimant had been found to be 80% disabled by the Veteran's Administration (Tr. 718).  Dr. Beard noted that claimant had pain in the thoraco-lumbar spine with straight leg raising and declined to undergo range of motion testing related to the lumbar spine because of pain, but that claimant sat down on the exam table and pulled off his shoes and socks without problem (Tr. 719).

State reviewing physician Dr. Kenneth Wainner, M.D. completed a Residual Functional Capacity Assessment and found that claimant had the RFC to occasionally and frequently lift and/or carry up to 10 pounds, stand and/or walk and sit for about six hours in an eight hour workday, and that claimant was unlimited in his ability to push and/or pull (Tr. 740).  However, he also found that claimant should only occasionally climb, balance, stoop, kneel, crouch, or crawl (Tr. 741).

Dr. Cynthia Kampschaefer reviewed the claimant's medical records and completed a Psychiatric Review Technique (PRT) on May 7, 2008.  Dr. Kampschaefer found that claimant suffered from depression, secondary to chronic pain, which was characterized by sleep disturbance and feelings of guilt or worthlessness (Tr. 728).  She determined that claimant had only mild limitations in his activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace (Tr. 735).

On July 22, 2008, Samuel D. Jarvis of the VA wrote that the claimant was "entitled to receive service connected compensation at the 100 percent rate effective December 1, 2007" (Tr. 828). In a statement regarding as such, the VA wrote that claimant was "unable to work due to [his] service connected disabilities" (Tr. 830).

The ALJ neglected to discuss much of the evidence concerning the claimant's impairments, in particular, his records from the VA. "Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'" *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Indeed, the ALJ failed to even mention the determination by the VA that the claimant was 100% disabled and unable to work. Although the ALJ is not bound by the disability determination, it is nevertheless "evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005), *citing Baca v. Department of Health & Human Services*, 5 F.3d 476, 480 (10th Cir 1993) ("Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered."), *quoting Fowler v. Califano,* 596 F.2d 600, 603 (3d Cir. 1979). *See also Kanelakos v. Astrue*, 249 Fed. Appx. 6, 8 (10th Cir. 2007) ("[T]he ALJ

mentioned the VA rating and appropriately stated that the SSA and VA standards differ. But he completely 'fail[ed] to discuss the significance of the VA's disability evaluation.'"), *quoting Grogan*, 399 F.3d at 1263.

Because the ALJ failed to discuss significantly probative medical evidence from the VA, including that agency's disability determination, the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma